METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Defendants Plainfield Board of Education and Margaret O'Keeffe
Our File No.  70801 ELH

| | |
|---|---|
| MARY C. TAFUR<br><br>          Plaintiff,<br><br>V.<br><br>PLAINFIELD BOARD OF EDUCATION, MARGARET O'KEEFFE, JOHN DOES 1-10 AND ABC CORP. 1-10, SAID NAMES BEING FICTITIOUS<br><br>          Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.: 10-05547 (SDW)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REMAND

Defendants, Plainfield Board of Education and Margaret O'Keeffe, submit the within Memorandum of Law in opposition to plaintiff's Motion to Remand this matter back to the New Jersey Superior Court, Law Division, Union County. After defendants received the Second Amended Complaint on August 30, 2010, asserting for the first time a retaliation claim under the federal Family Medical Leave Act, defendants immediately filed a Notice of Removal to Federal Court.

On August 31, 2010 Defendants received a receipt for payment indicating successful transmission of the Notice of Remand filed through the Electronic Case Filing system. (**Exhibit A**)  Since defendants had no

1

problems with the filing of the Notice and they received an acknowledgment of payment and successful transmission, defendants were not aware of any problem with their filing.

When defendants contacted the Clerk of Court to obtain the federal Civil Action Number assigned to this matter they were told that the filing had "slipped through the cracks on the Court's end". Defendants were instructed to refile the papers which they did immediately on October 26, 2010.

In the face of those facts, Plaintiff files the present motion seeking remand to the State Court on the alleged basis of untimely filing.

## I. STATEMENT OF PROCEDURAL HISTORY

Plaintiff accurately asserts that this action was commenced in New Jersey Superior Court, Law Division, Union County under docket number L-2479-09.  In plaintiff's Second Amended Complaint filed on August 30, 2010, plaintiff asserted, for the first, time a federal claim under 29 U.S.C. Sec. 2601 for violations of the Family Medical Leave Act.

On August 31, 2010 defendants filed their Notice of Removal with the District Court through the Electronic Case Filing System. Defense counsel's office received a receipt for payment of the electronic filing for those documents that stated "Your transaction has been successfully

completed." (**Exhibit A**, Receipt from District Court for August 31, 2010 filing of Notice of Removal).

When plaintiff's counsel inquired on October 25, 2010 about the status of the filing, defense counsel forwarded a copy of the above–described receipt to plaintiff's counsel. In the e-mail forwarding the receipt there is an incorrect reference to a "fax transmission" of the documents to the Court. Reading the automated receipt reveals that it was a receipt for an electronic filing. (**Exhibit B**, E-mail to Mr. Wronko forwarding receipt from District Court for filing on August 31, 2010).

On October 25, 2010, a paralegal in defense counsel's office, Jena-Zisa Morrow, contacted the Court by telephone, and at instruction of District Court personnel followed up by e-mail, with respect to securing the federal docket number for the Notice of Removal. (**Exhibit C**, E-mail from Jena Zisa-Morrow to District Court personnel re filing on August 31, 2010).

Ms. Zisa-Morrow was told by an individual at the court, who identified herself as "Diane," that there was a problem with the filing on the court's end and the filing "slipped through the cracks". (**Exhibit D**, Certification of Jena Zisa –Morrow).

3

Ms. Zisa-Morrow was instructed to refile the papers electronically, which she did immediately. The Notice of Removal was once again submitted electronically and another confirmation of successful transaction, in the same form as the previous confirmation, was received documenting the October 26, 2010 re-filing. (**Exhibit E**, Receipt from Court for October 26, 2010 re-filing of Notice of Removal).

## II. ARGUMENT

The defendants' Notice of Removal is not untimely in that it was originally electronically filed on August 31, 2010, the day after defendants received the Amended Complaint.  There was no indication to defendants that there was a problem with that filing. Successful submission was evidenced by a receipt that was sent from the Court to defendants on August 31, 2010 of payment indicating successful transmission.

New Jersey Local Civil Rule 5.2 addresses electronic service and filing of documents. It identifies the Electronic Case Filing Policies and Procedures to be followed by those filing in the Federal Court and requires electronic filing of initial papers.  Under the definitions, the definition of "Pay.gov" states that it is an "electronic credit card payment system established by the United States Department of Treasury".  That

4

e-mail address is the address from which defendants received their confirmation of a successful filing of this matter on August 31, 2010.

In an e-mail forwarding the August 31, 2010 receipt of successful filing to plaintiff's counsel, defendant incorrectly referred to the transmission to the Court as a fax transmission. The receipt itself clearly indicates that the transmission was, in fact, an electronic case filing transmission. That electronic case filing confirmation was forwarded to plaintiff for his review as well.

When defense counsel's paralegal contacted the court to request the docket number for the Notice of Remand, she was told by court personnel that the papers sent electronically in August 2010 had "slipped through the cracks on the court's end." Court personnel instructed her to refile the papers. The Notice of Removal and its supporting papers were once again submitted through the Court's Electronic Case Filing system.  A receipt in the same form as the receipt received on August 31, 2010 was sent to defendants again confirming successful transmission, this time of the October 26, 2010 re-filing.

Plaintiff asserts untimely filing on the part of defendants. As the attached proofs conclusively demonstrate otherwise, the defendants request that the Court deny plaintiff's Motion to Remand.

Respectfully,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Defendants Plainfield Board of Education and Margaret O'Keeffe

By:_____
          Michelle M. Schott

DATED: November 15, 2010